**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email:  Bryan.Dake@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JUNAE NICOLE EELLS-CONE,**<br><br>Defendant. | CR 18-09-BLG-SPW<br><br><br>**OFFER OF PROOF** |

## THE CHARGE

The defendant, Junae Nicole Eells-Cone, is charged in the Indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count I); possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II); and felon in possession of a

firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  The Indictment also contains a forfeiture allegation, pursuant to 21 U.S.C. § 853(a)(1) and (2), 21 U.S.C. § 881(a)(11), and 18 U.S.C. § 924(d).

## PLEA AGREEMENT

The defendant, Junae Nicole Eells-Cone, will enter a voluntary plea of guilty to Counts I and II of the Indictment and admit the forfeiture allegation.  The United States will move to dismiss Count III of the Indictment at sentencing, if the Court accepts the plea agreement.  The plea agreement filed with the Court represents the only and most favorable offer extended to the defendant.  *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of possession with intent to distribute methamphetamine, as charged in Count I of the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to distribute it to another person.

In order for the defendant to be found guilty of possession of a firearm during a drug trafficking crime, as charged in Count II of the Indictment, the

United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with intent to distribute methamphetamine, as charged in Count I of the Indictment, which is a drug trafficking crime;

Second, the defendant knowingly used, carried, or brandished a firearm; and

Third, the defendant knowingly possessed a Cobra Firearms, model Denali, .380 Caliber semi-automatic pistol (serial number obliterated) during and in relation to that crime.

**Forfeiture Allegation:**

In reference to the Forfeiture Allegation stated in the Indictment, the government must prove the following by a preponderance of the evidence:

The firearm stated above, specifically, the Cobra Firearms, model Denali, .380 Caliber semi-automatic pistol (serial number obliterated) was used and intended to be used in any manner or part to commit and to facilitate the commission of the crimes alleged in the Indictment.

## PENALTY

Count I of the Indictment carries a maximum punishment of twenty years imprisonment, a $250,000 fine, three years of supervised release, and a $100

special assessment.  Count II of the Indictment carries a mandatory minimum punishment of five years imprisonment consecutive to any other sentence, a maximum punishment of life imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On October 1, 2017, a Montana State Probation and Parole Officer was conducting a home contact visit with a state probationer at the probationer's hotel room.  His girlfriend, Junae Nicole Eells-Cone, was in the hotel room during the visit.  During a search of the room, officers located a large black purse.  Eells-Cone consented to a search of the purse.  Officers found a Cobra Firearms, model Denali, .380 Caliber semi-automatic pistol with an obliterated serial number, a scale, a sandwich baggie weighing approximately 4 grams containing methamphetamine, and a black case containing small baggies in the purse.  During an interview, Eells-Cone admitted that the methamphetamine, scale, firearm, and baggies belonged to her.

DATED this 27th day of April, 2018.

                              KURT G. ALME
                              United States Attorney

                              */s/  Bryan T. Dake*
                              BRYAN T. DAKE
                              Assistant U.S. Attorney